UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SPENCER,

       Petitioner,                            Case No. 14-10823
                                                  Hon. Terrence G. Berg

v.

JOSEPH BARRET,

       Respondent.
_____/

**OPINION AND ORDER RESOLVING POST-JUDGMENT MOTIONS**

In this case, Petitioner William Spencer, a state prisoner[1], filed a successive habeas corpus petition under 28 U.S.C. § 2254 on February 21, 2014 (Dkt. 1) that was later amended to include a civil rights action pursuant to 42 U.S.C. § 1983 (Dkt. 22). Although his case was dismissed on January 14, 2015 (Dkts. 27-28), Petitioner has filed three post-judgment motions currently before the Court (Dkts. 29, 32-33). On February 10, 2015, Petitioner filed a motion asking the Court to "state its findings and conclusions" on his claims. (Dkt. 29.) On February 17, 2015, Petitioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. 32.) Finally, on May 26, 2015, Petitioner filed a motion

---

[1] Petitioner is currently serving eight concurrent sentences of six years and eight months to fifteen years for his Oakland Circuit Court guilty plea conviction of eight counts of second-degree criminal sexual conduct. (Dkt. 19, Ex. 8); see also Mich. Comp. Laws § 750.520(c)(1)(a). Petitioner, unless he is paroled, is scheduled to be released by August 14, 2016. See Offender Profile, Offender Tracking Information System ("OTIS"),
http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=384851.

1

for leave to serve a supplemental pleading detailing Petitioner's most recent denial of parole. (Dkt. 33.)

For the reasons stated herein, the Court will construe Petitioner's motion to state findings and conclusions (Dkt. 29) and his motion to alter or amend judgment (Dkt. 32) as motions for reconsideration. The Court will **DENY** these motions because the dismissal of Petitioner's case was appropriate and will again **DENY** Petitioner a certificate of appealability and permission to appeal his SORA claim in forma pauperis because any such appeal would be frivolous. With regard to Petitioner's denial of parole claim[2] brought pursuant to 42 U.S.C. § 1983, the Court will conclude that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Finally, because the Court will affirm its dismissal of Petitioner's denial of parole claim, Petitioner's motion for leave to serve a supplemental pleading related to this claim (Dkt. 33) will be **DENIED AS MOOT** and this case will remain closed.

On April 10, 2013, Petitioner filed a motion to file a successive petition for a writ of habeas corpus in the Sixth Circuit as required by 28 U.S.C. §2244(b). (*In re Spencer*, No. 13-1445, Dkt. 1 (6th Cir. 2013).) In his petition, Petitioner asserted that: (1) the 2011 and 2013 amendments to the Michigan Sex Offender Registration Act (SORA) constitute an ex post facto law as applied to him, and thus undermine

---

[2] Petitioner argues that the Michigan Parole Board has violated his First, Fifth, and Fourteenth amendment rights by considering his refusal to admit guilt when determining his eligibility for parole. The Court will refer to these arguments collectively as Petitioner's "denial of parole" claim.

the voluntariness of his guilty plea[3]; and (2) his conviction is based upon insufficient evidence. (*Id.*) The Sixth Circuit denied the motion as to Petitioner's insufficient evidence claim[4], but it held that Petitioner was not required to obtain authorization to file a petition challenging certain SORA requirements "that did not exist prior to his initial petition."[5] (*In re Spencer*, Dkt. 27, p. 4.)

Petitioner filed his successive petition with this Court on February 21, 2014, raising *both* his SORA and insufficient evidence claims despite the Sixth Circuit's order denying Petitioner authorization to file the latter claim. (Dkt. 1, pp. 3-4.) Then, on September 17, 2014, Petitioner filed a motion to amend his petition. (Dkt. 21.) On November 24, 2014, the Court granted this motion because, pursuant to

---

[3] In his original habeas petition filed on February 21, 2014 with this Court, Petitioner discusses the 2011 amendments to SORA only. (Dkt. 1, pp. 2-4.) In his amended petition, Petitioner references the 2011 and 2014 amendments generally (Dkt. 22, ¶ 2.), but addresses in greater detail the registration fee increase established by MCL § 28.725a(6) (2013 Act 149) that took effect on April 1, 2014 (Dkt. 22, ¶¶ 123-135).

[4] As the Sixth Circuit explained, Petitioner merely reasserted the same evidentiary claim that was denied on the merits in his previous § 2254 petition. (*In re Spencer*, Dkt. 27, p. 4.) Under 28 U.S.C. § 2244(b)(1), Petitioner is *barred* from raising a claim in a second or successive habeas petition that he raised in a previous petition. *E.g., In re Siggers,* 615 F.3d 477, 481 (6th Cir. 2010) (habeas claims that have previously been denied on the merits are not subject to further review*).*

[5] These SORA requirements are limited to: (1) additional reporting duties following changes in job status, email address, and use of a vehicle; (2) continuous updated photographing; (3) a registration fee increase; (4) immediate reporting; and (5) a requirement that additional information be provided for the police database. (*In re Spencer*, No. 13-1445, Dkt. 27, p. 4.) Of these requirements, Petitioner only addresses the registration fee increase with any particularity in his amended petition. (Dkt. 22, ¶¶ 123-135.) Sixth Circuit precedent, however, dictates that courts treat such registration fees as a tax. *See Wright v. McClain,* 835 F.2d143, 144-145 (6th Cir. 1987). Because the registration fee is effectively a state tax, this Court is barred under the Tax Injunction Act from enjoining, suspending, or otherwise restraining the fee assessment. *See* 28 U.S.C. § 1341("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *see also Doe v. Snyder*, Case No. 12-11194, 2015 WL 1497852, at *36-38 (E.D. Mich. Mar. 31, 2015) (holding that that Tax Injunction Act barred the Court from considering whether MCL § 28.725a(6), the fee assessment, violates the Ex Post Facto Clause.)

3

Federal Rule of Civil Procedure 15(a)(1)(B), his amended petition could be filed within 21 days after service of a responsive pleading as a matter of course. (Dkt. 25, p. 2.) In his amended petition, Petitioner asserted, in addition to his two original habeas claims, that the denial of his parole, solely because he maintains his innocence, violated his rights under the First, Fifth, and Fourteenth Amendments.[6] (Dkt. 22, p. 16.) This unrelated civil rights claim was brought pursuant to 28 U.S.C. § 2201(a) and 42 U.S.C. § 1983. (*Id.* at p. 3, ¶ 5.)

The Court denied the amended petition on January 14, 2014, explaining that it only had jurisdiction to consider Petitioner's SORA claim and finding that this claim was without merit. (Dkt. 27, pp. 1-2, 9-13.) In addition, Petitioner was denied a certificate of appealability and permission to proceed on appeal in forma pauperis. (*Id.* at 14.)

Petitioner has filed three post-judgment motions currently before the Court. As the Court explained in its Order dismissing the amended petition, Petitioner was not authorized to raise his insufficient evidence claim in this proceeding and therefore the Court will not reach Petitioner's renewed arguments related to that claim. (Dkt. 27, p. 6.) To the extent that Petitioner's post-judgment motions ask the Court to reconsider the dismissal of his SORA claim, however, the Court will affirm that its dismissal of that claim was appropriate.

---

[6] Petitioner claims that he has been denied parole three times for maintaining his innocence beginning in 2011. (Dkt. 22, ¶ 63.) During his interview on August 15, 2013, Petitioner initially admitted his guilt, but later recanted and was then denied parole because he lacked "insight into deviant criminal behavior." (*Id.* at ¶¶ 70-80; Dkt. 7-1, p. 8.) Petitioner renewed his claim of innocence during his January 31, 2015 hearing and was again denied parole because he "refused programming designed to address his sexual deviant behavior." (Dkt. 33, pp. 11, 33.)

Petitioner also asks the Court to reconsider the dismissal for lack of jurisdiction of his denial of parole claim. (*E.g.*, Dkt. 32, p. 5; Dkt. 33.) Pursuant to 28 U.S.C. § 2201(a) and 42 U.S.C. § 1983, Petitioner argues that he is being denied parole solely because he maintains his innocence and that the Michigan Parole Board's conduct violates his First, Fifth, and Fourteenth Amendment rights under the United States Constitution.[7] (Dkt. 32, p. 23.) Petitioner maintains that his § 1983 claim is not a second or successive habeas petition and therefore does not require certification from the Court of Appeals. (*Id.* at p. 2, ¶ 5.)

While the Court generally agrees that prior authorization from the Court of Appeals is not required to bring a § 1983 claim on its own, in this context dismissal was appropriate because, first, Petitioner's unrelated First, Fifth, and Fourteenth Amendment claims were inappropriately joined to a successive habeas claim that was only approved by the Sixth Circuit to raise the SORA-related issues and second, these denial of parole claims are ultimately meritless. Because there are

---

[7] The Court notes that Petitioner has now raised these claims in *four* separate federal lawsuits. Prior to filing the above-captioned case, Petitioner brought a § 1983 action in 2010 that raised, among other claims, First, Fifth, and Fourteenth Amendment claims based on his denial of parole by the Michigan Parole Board for refusing to admit guilt. *See Spencer v. Atterberry et al.,* No. 10-00735, Dkt 1, ¶¶ 2-3 (W.D. Mich. 2010.) The Honorable Janet T. Neff reached the merits of Petitioner's claims and dismissed his case for failure to state a claim. (Case No. 10-00735, Dkt. 15, pp. 9-19.) Petitioner next raised his First, Fifth, and Fourteenth Amendment claims in a 2011 complaint under § 1983 challenging in part the Michigan Parole Board's refusal to grant Petitioner parole in 2011, allegedly because he was maintaining his innocence. *See Spencer v. Callejas et al.,* No. 11-13107, Dkt. 8, ¶¶ 1-7 (E.D. Mich. 2011.) That case was dismissed on February 21, 2013. (Case No. 11-13107, Dkts. 49-50.) Subsequent to filing the above-captioned case, Petitioner raised First and Fifth Amendment denial of parole claims yet again in a "hybrid habeas corpus/civil action" filed on May 19, 2015 in the Eastern District of Michigan. *See Spencer v. Gidley et al.,* No. 15-11822, Dkts. 1-2 (E.D. Mich. 2015.) This case, originally before the Honorable Gershwin A. Drain, was reassigned to this Court on June 15, 2015 as a companion to the above-captioned case. (Case No. 15-11822, Dkt. 7.)

multiple reasons why the outcome of this case would not be altered, Petitioner's motions will be denied and this case will remain closed.

## A. Petitioner's Post-Judgment Motions

Although this case was closed on January 14, 2015, Petitioner persists in asserting his insufficient evidence, denial of parole, and SORA claims. Because Petitioner was not authorized to bring his insufficient evidence claim, the Court will only address Petitioner's arguments in his post-judgment motions that relate to the dismissal of his SORA and denial of parole claims.[8]

### 1. Construing Petitioner's Motion to State Findings and Conclusions and Motion to Alter or Amend Judgment as Motions for Reconsideration

The Court will construe Petitioner's motion to state findings and conclusions (Dkt. 29) and his motion to alter or amend judgment (Dkt. 32) as motions for reconsideration. Petitioner raises arguments related to his SORA and denial of parole claims in these two post-judgment motions. In his motion to state findings and conclusions, Petitioner asks the Court "to amend and make additional findings as to whether": (1) "the SORA amendments enacted in 2011 and 2014 were considered" in *United States v. Felts*, 674 F.3d 599 (6th Cir. 2012); and (2) whether the Parole Board's actions "deprive Spencer of his property entitlement, and chill his freedom of speech and privilege against self-incrimination." (Dkt. 29, pp. 1, 11.)

---

[8] Petitioner makes the same SORA-related argument in his motion to state findings and conclusions and his motion to alter or amend judgment. (*Compare* Dkt. 29, ¶ 1 *with* Dkt. 32, pp. 9, 11-16.) Petitioner reiterates his arguments related to his denial of parole claim in all three post-judgment motions. (*See* Dkt. 29, ¶¶ 18-38; Dkt. 32, pp. 16-21, and Dkt. 33.)

6

Because Petitioner is asking the Court to reconsider its reasons for dismissing Petitioner's SORA claim, the Court will construe this filing as a motion for reconsideration.

Petitioner then filed a motion to alter to amend judgment under Rule 59(e) on February 2, 2015, repeating his argument that the Court erroneously dismissed his SORA claim by relying on the "outdated" *Felts* case. (Dkt. 32, pp. 8-9.) Petitioner also asks the Court to reconsider his denial of parole claim. (*Id.* at 10-21.) Although Petitioner captioned this motion as a motion to alter or amend judgment brought pursuant to Rule 59(e), Petitioner states the standard or review for a motion for reconsideration and requests relief "under Local Rule 7.1(h)(3)," or the local rule governing motions for reconsideration. (*Id.* at 7-8.) Moreover, a motion to alter or amend judgment pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). The Court will therefore also construe this motion as a motion for reconsideration.

### a. Legal Standard

The Court will construe and analyze these two motions as motions for reconsideration and deny them both. Local Rule 7.1(h) governs motions for reconsideration, stating that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."[9] E.D. Mich. L.R. 7.1(h)(1).

---

[9] Rule 59(e) allows a party to file a motion to alter or amend judgment within a twenty-eight-day time period of the entry of the Judgment. Although it was not entered on the docket until February 17, 2015, Petitioner's motion to alter or amend judgment provides that it was submitted on February 10, 2015, and is therefore timely. (Dkt. 32, p. 1.)

"The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties ... have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp.2d 609, 618 (E.D. Mich. 2008). Because Petitioner has not shown that there was a palpable defect that, if corrected, would have resulted in a different outcome, the Court will deny his motions for reconsideration.

### b. Petitioner's SORA Claim

With regard to Petitioner's SORA claim, Petitioner has not established any "palpable defect" in the Court's prior order. In his post-judgment motions, Petitioner merely makes conclusory allegations of "palpable defect" with no argument as to how the Court's decision actually constitutes a "palpable defect." Petitioner argues that the Court's reliance on the Sixth Circuit's "outdated" decision in *Felts* was erroneous because *Felts*, decided in 2012, analyzed the 2006 version of SORA and not the subsequent amendments that Petitioner is challenging. (*See* Dkt. 29, ¶ 1; Dkt. 32, pp. 9, 11-16.)

The Court disagrees. Petitioner argued generally that the SORA amendments beginning in 2011 retroactively increased his punishment in violation of the Ex Post Facto Clause. The 2011 amendments to SORA significantly altered

8

that statutory scheme *to comply with* the federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 *et seq.*, while 2013 Mich. Pub. Acts 149 amended SORA to require that registrants pay a $50 annual registration fee[10]. When the Court dismissed Petitioner's SORA claim, rejecting his argument that it violated the Ex Post Facto Clause, this decision did not rely exclusively on *Felts*. Rather, the Court relied primarily on the United States Supreme Court's decision in *Smith v. Doe*, 538 U.S. 84, 97-102 (2003) for the general proposition that "retrospective application of sex offender registry laws do not violate the prohibition of ex post facto laws because they are not punitive in nature." (Dkt. 27, p. 13.)

Moreover, the *Felts* decision supports the Court's assertion in its January 14, 2014 Order that SORNA has been consistently upheld by the circuit courts in the face of challenges that it violated the Ex Post Facto Clause. (*Id.*) As the *Felts* Court states, the argument that SORNA violates the Ex Post Facto clause "has been consistently rejected." 674 F.3d at 606 (collecting cases). Because SORNA and SORA are similar, and Petitioner does not attempt to distinguish between them, the Court could not find that the state court's rejection of Petitioner's claim that SORA violated the Ex Post Facto clause "was contrary to, or an unreasonable application of, clearly established Supreme Court law." (*Id.*)

---

[10] As explained above in footnote 4, this Court is barred under the Tax Injunction Act from enjoining, suspending, or otherwise restraining the fee assessment. *See* 28 U.S.C. § 1341.

The *Felts* decision remains good law in this Circuit[11], and *Smith v. Doe* has not been set aside by the United States Supreme Court. Petitioner has therefore failed to show palpable error by which the Court has been misled, and the correction of which would have resulted in a different outcome. *See* E.D. Mich. LR 7.1(g)(3). Petitioner's motion to reconsider the Court's dismissal of Petitioner's SORA claim will therefore be denied.

### c. Petitioner's Denial of Parole Claim

Petitioner also fails to show that he is entitled to reconsideration of the Court's dismissal of Petitioner's § 1983 civil rights claim based on his denial of parole, allegedly for maintaining his innocence.[12] Petitioner was granted leave to amend his petition on November 24, 2014, and he added an unrelated denial of parole claim under 28 U.S.C. § 2201(a) and 42 U.S.C. § 1983. (*Id.* at p. 3, ¶ 5.) The Court dismissed this claim, however, because "the only claim Petitioner was authorized to raise [pursuant to 28 U.S.C § 2244(b)] in this successive habeas petition was the claim relating to SORA, and it is without merit." (Dkt. 27, pp. 1-2.)

---

[11] The Sixth Circuit has relied on *Felts* in subsequent cases. *E.g., United States v. Shannon*, 511 F. App'x 487, 490-492 (6th Cir. 2013); *United States v. Coleman*, 675 F.3d 615, 619 (6th Cir. 2012).
[12] Petitioner relies heavily on *King v. Davis*, 688 F.Supp.2d 689 (E.D. Mich. 2009) in support of his denial of parole claim, a case that dealt with a scenario in which an inmate's ineligibility for parole, for all practical purposes, was premised on her steadfast refusal to admit responsibility for criminal sexual conduct. *King*, 688 F. Supp. 2d at 691. As Magistrate Judge Whalen explained in his December 12, 2012 report and recommendation recommending dismissal of Petitioner's First, Fifth, and Fourteenth Amendment denial of parole claims in Case No. 11-13107, Petitioner's reliance on *King* is misplaced. (Case No. 11-13107, Dkt. 36, pp. 6-10.) This report and recommendation was adopted by the Honorable Victoria Roberts on February 21, 2013. (Case No. 11-13107, Dkt. 49.) There is little value in repeating Judge Whalen's sound reasoning, which the Court finds persuasive and correct.

The precise grounds for relief sought by Petitioner were less than entirely clear from the Petition[13], but even after considering the arguments in Petitioner's motion, it is clear that the Court would not reach a different conclusion. First, it was not appropriate for Petitioner to insert his § 1983 claim into a second or successive habeas petition that he had already filed and to which Defendant had already responded.[14] Each type of action has a distinct purpose and contains unique procedural requirements that make a hybrid action difficult to manage. Moreover, Petitioner's denial of parole claim is distinct from the issues raised in relation to his SORA claim, the only claim cognizable in his original petition, and Petitioner should not be allowed to forego the filing fees required for a § 1983 action[15] or the exhaustion requirements contemplated by the Prison Litigation Reform Act, 42

---

[13] The amended complaint is lengthy (103 pages), and, with its legal arguments and citations of authority, appears at times to more closely resemble a brief than a complaint. (Dkt. 22.) A complaint should be no more than a "short and plain statement" of the claims and the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a).

[14] Hybrid pleadings alleging claims pursuant to habeas corpus and § 1983 are not unheard of, but the Court found only one case in which a prisoner who had filed a habeas corpus petition later tried to amend his petition to include § 1983 claims and thus create a hybrid pleading out of what was originally filed as a habeas corpus petition. *Whitmore v. Parker*, No. CIV-11-539-R, 2011 WL 5507358 (W.D. Okla. Nov. 10, 2011). The *Whitmore* Petitioner's motion to amend was denied. *Id.* at 3.

[15] Petitioner has filed more than three prior civil rights complaints (seven, at last count) that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Spencer v. Callejas et al.,* Case No. 11-13107 (E.D. Mich. Feb. 21, 2013); *Spencer v. Atterberry et al.,* Case No. 10-00753 (W.D. Mich. Jan. 10, 2011); *Spencer v. State of Michigan,* No. 07-12193 (E.D. Mich. May 30, 2007); *Spencer v. Caruso,* No. 05-70098 (E.D. Mich. March 30, 2005); *Spencer v. Wiggins,* No. 04-73483 (E.D. Mich. March 8, 2005); *Spencer v. United States Dep't of State,* No. 04-00557 (W.D. Mich. Sept. 8, 2004); *Spencer v. Granholm,* No. 04-00072 (W.D. Mich. June 3, 2004). As a result, Petitioner can no longer proceed in forma pauperis in a civil action "while incarcerated or detained in any facility" unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). In the above-captioned case, Petitioner was only required to pay the $5 filing fee to proceed on the habeas corpus petition he originally filed. The civil case filing fee as of the date of this Order is $400. Fee Schedule, United States District Court for the Eastern District of Michigan, https://www.mied.uscourts.gov/index.cfm?pageFunction=coFeeSchedule.

4:14-cv-10823-TGB-RSW Doc # 34 Filed 07/27/15 Pg 12 of 16 Pg ID 1306

U.S.C. § 1997e(a). The disposition of both habeas claims and civil rights claims in a single action presents significant problems and courts must be on guard for attempts to use § 1983 "to make an end run around habeas corpus procedures." *Foster v. Kassulke*, 898 F.2d 1144, 1148 (6th Cir. 1990).

Moreover, Petitioner's denial of parole claim cannot properly be joined with his original claims because the denial of parole claim does not satisfy Federal Rules of Civil Procedure 18(a) and 20. Petitioner's claims do not satisfy Fed. R. Civ. P. 18(a), which provides for joinder of claims against an opposing party, because the Defendants to the new claims are different from the Defendant to the original claims. *See* Fed. R. Civ. P. 18(a) ("A party asserting a claim...may join...as many claims...as the party has against an opposing party.") Also, Plaintiff's claims do not satisfy Fed. R. Civ. P. 20, which provides for joinder of parties, because his denial of parole claim does not arise out of the "same transaction, occurrence, or series of transactions or occurrences" as his original claims and there are no "questions of law or fact common" to all Defendants. Fed. R. Civ. P. 20.

Finally, even if Petitioner's denial of parole claim could be considered as part of his habeas petition, it is clear that Petitioner has failed to state a viable claim under § 1983. Petitioner argues that the Michigan Parole Board's refusal to grant him parole because he maintains his innocence violates his First, Fifth, and Fourteenth Amendment rights. In *Spencer v. Atterberry et al.*, filed by Petitioner in 2010, the Honorable Janet T. Neff explained in detail why Petitioner cannot

12

maintain these same § 1983 claims.[16] *See* Case No. 10-00735, Dkt. 15, pp. 9-19 (W.D. Mich. 2010.) In *Spencer v. Callejas et al.*, filed by Petitioner in 2011, Magistrate Judge R. Steven Whalen gave similar reasons for dismissing Petitioner's First, Fifth, and Fourteenth Amendment claims in his December 12, 2012 report and recommendation (Dkt. 36, pp. 7-11) that the Honorable Victoria Roberts adopted (Dkts. 49, 54). *See* Case No. 11-13107 (E.D. Mich. 2011.)

Since these decisions were issued, the only factual change is the number of times Petitioner has been denied parole because he refuses to admit guilt. The Court therefore sees little value in reiterating the sound reasoning of Judge Neff or of Magistrate Judge Whalen. In short, Petitioner's First, Fifth, and Fourteenth Amendment claims were without merit in 2010 and 2011, and they are without merit in 2015 for the same reasons.

Petitioner plead guilty to his crimes, and was sentenced twice to 15 years in prison. Until Petitioner has served his 15–year maximum sentence, he has no reasonable expectation of liberty because there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence.[17] *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Any time he serves above his minimum sentence until his maximum sentence is thus not "extra" time. The discretionary parole system in Michigan holds out "no more than a mere

---

[16] This case was originally filed in the Eastern District of Michigan but was transferred to the Western District of Michigan on July 15, 2010. (Case No. 10-00735, Dkt. 3.)

hope that the benefit will be obtained," even if an inmate has been classified as one with a high probability of parole.[18] *Id.* at 11.

The Court will therefore deny Petitioner's motions for reconsideration. Because the Court has dismissed Petitioner's denial of parole claim, Petitioner's motion for leave to file an amended pleading related to this claim (Dkt. 33) will be denied as moot.

## B. Certificate of Appealability, Permission to Appeal In Forma Pauperis, And Appealing in Good Faith

The Court will once again deny Petitioner a certificate of appealability and permission to appeal in forma pauperis from the dismissal of his SORA claim

---

[17] Michigan's procedural statutes and regulations governing parole do not give rise to federal procedural due process rights because they do not create an entitlement to parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir.1994); *see also Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). Petitioner concludes, without explanation, that he has a protected property interest in "an accurate, complete, and relevant parole guidelines assessment" pursuant to M.C.L. § 791.233e(1). (Dkt. 32, p. 16.) By exercising its discretion to deviate from Petitioner's parole guideline assessment of a "high probability of parole" for "substantial and compelling reasons," Petitioner maintains that the Board is violating his property interest and penalizing him for exercising his right to free speech and freedom from self-incrimination. (Id. at 17.) Petitioner has a protected liberty or property interest, however, only if Michigan law creates such an interest by establishing "explicit mandatory language" or specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow. *Betzer v. Bell*, No. 08-10246, 2009 WL 230222, at *3 (E.D. Mich. Jan. 30, 2009). The Michigan parole statutes, however, do not place substantive limits on the discretion of the Parole Board to deny parole and do not make a grant of parole mandatory under any particular set of circumstances. The parole statues state that the "purpose of the parole guidelines shall be to *assist* the parole board in making release decisions," not to dictate a particular result. M.C.L. § 791.233e(1) (emphasis added). The decision to release a prisoner on parole thus *remains a broadly discretionary decision* of the Michigan Parole Board. *In re Parole of Johnson*, 235 Mich. App. 21, 24 (1999).

[18] Petitioner takes issue with being denied parole despite being classified as a "high probability of parole." Being classified under the parole guidelines as having a "high probability of parole," however, does not mandate that a prisoner must be released on parole. *See Crump*, 657 F.3d at 404; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). Petitioner may have been classified as a "high probability of parole," but a probability does not equal a presumption. Moreover, no more procedural due process is constitutionally required where, as here, Petitioner has been given the opportunity to be heard, and when parole is denied, has been informed in what respect he falls short of qualifying for parole. *Lee v. Withrow*, 76 F. Supp. 2d 789, 793 (E.D. Mich. 1999) (citing *Canales v. Gabry*, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994)).

14

brought pursuant to 28 U.S.C. § 2254. A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion for relief from judgment. *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). Following the United States Supreme Court's formulation in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), the Second Circuit Court of Appeals has articulated the standard for issuing a certificate of appealability in the context of the denial of a Rule 60(b) motion:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Carr v. Warren*, 05-CV-73763, 2010 U.S. Dist. LEXIS 73349, 2010 WL 2868421, at *2. (E. D. Mich. July 21, 2010) (Zatkoff, J.) (citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

The Court concludes that Petitioner is not entitled to a certificate of appealability from the denial of his SORA claim; he has failed to demonstrate that jurists of reason would find it debatable that the court abused its discretion in the denying the motion. The Court also will also deny Petitioner permission to appeal in forma pauperis because any appeal would be frivolous. With regard to Petitioner's civil rights claim brought pursuant to 42 U.S.C. § 1983, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Petitioner's motions for reconsideration (Dkts. 29, 32) are **DENIED**. Because the Court has dismissed Petitioner's First, Fifth, and Fourteenth Amendment denial of parole claims, Petitioner's motion for leave to file an amended pleading related to these claims (Dkt. 33) is **DENIED AS MOOT**. Moreover, Petitioner is **DENIED** a certificate of appealability and permission to appeal in forma pauperis because the appeal would be frivolous.

Petitioner's claims have been given their due consideration by the federal courts. The Sixth Circuit has explained why Petitioner cannot renew his insufficient evidence claim. Moreover, no less than three federal district courts have found that Petitioner cannot sustain his First, Fifth, and Fourteenth Amendment claims for denial of parole. Parole is not a right, but a privilege Petitioner has yet to, and may never, earn. Whether and when he does depends on the discretionary judgment of the Michigan Parole Board. This case remains closed.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2015

### Certificate of Service

I hereby certify that this Order was served upon parties of record on July 27, 2015, via electronic or postal mail.

s/A. Chubb
Case Manager