UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SPENCER,

                Petitioner,                Case No. 14-10823
                                                      Hon. Terrence G. Berg

v.

JOSEPH BARRET,

                Respondent.
_____/

**ORDER DENYING MOTION TO STATE FINDINGS AND CONCLUSIONS [Dkt. 37]
AND DENYING MOTION TO ALTER OR AMEND JUDGMENT [Dkt. 38]**

      This case involves a successive habeas corpus petition filed under 28 U.S.C. § 2254 that was later amended to include a civil rights action pursuant to 42 U.S.C. § 1983. The case was dismissed on January 14, 2015. (Dkt. 27).

      Petitioner thereafter filed three post-judgment motions (Dkts. 29, 32-33). On February 10, 2015, Petitioner filed a motion asking the Court to "state its findings and conclusions" on his claims. (Dkt. 29.) On February 17, 2015, Petitioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. 32.) Finally, on May 6, 2015, Petitioner filed a motion for leave to serve a supplemental pleading detailing Petitioner's most recent denial of parole. (Dkt. 33.) On July 27, 2015, the Court entered an order fully addressing and resolving all of Petitioner's post-judgment motions and denying him relief. (Dkt. 34).

      Presently before the Court are Petitioner's motion to state findings and conclusions that support the Court's dismissal (Dkt. 37), and his motion to alter or amend the judgment. (Dkt. 38). Petitioner's first motion asserts that the Court erred by failing to make a specific factual finding as to why Petitioner's request for an interlocutory injunction could be denied as moot.

Petitioner's second motion asserts that the Court erred by characterizing Petitioner's supplemental pleading (Dkt. 33) as raising a "denial of parole" claim when in fact Petitioner was only arguing that the parole process violated his constitutional rights.

The reasons for the Court's decision denying Petitioner's previous post-judgment motions were clearly stated and fully explained in its previous order, and these reasons need not be restated at length yet again. Contrary to Petitioner's allegations, the Court fully explained its rationale for denying his parole claim, and whether that claim is characterized as a "denial of parole" claim or a "violation of constitutional rights at a parole hearing" claim is a matter of semantics.

Briefly stated, the Sixth Circuit only authorized Petitioner to file a second habeas petition to raise a claim under the 2011 and 2013 amendments to the Michigan Sex Offender Registration Act. Petitioner did not have authorization to raise claims regarding the parole board's refusal to consider him for parole because Petitioner will not accept responsibility for his crimes. Second, Petitioner cannot escape the filing fee requirements under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a) for a § 1983 action by attempting to amend his habeas petition to add such claims. Third, it would have been improper to join Petitioner's parole claims to this action under Federal Rules of Civil Procedure 18(a) and 20.

Finally, Petitioner's parole claims are without merit, and have been repeatedly held so in the various actions he has filed, including this one. In *Spencer v. Atterberry et al.*, filed by Petitioner in 2010, the Court rejected Petitioner's parole claims. See Case No. 10-00735, Dkt. 15, pp. 9-19 (W.D. Mich. 2010). In *Spencer v. Callejas et al.*, filed by Petitioner in 2011, Magistrate Judge R. Steven Whalen gave similar reasons for dismissing Petitioner's First, Fifth,

and Fourteenth Amendment claims in his December 12, 2012 report and recommendation (Dkt. 36, pp. 7-11) that the Honorable Victoria Roberts adopted (Dkts. 49, 54). See Case No. 11-13107 (E.D. Mich. 2011.) Nothing has changed since these decisions other the number of times Petitioner has been denied parole because he refuses to accept responsibility for his crimes. As this Court has already stated, there is little value in reiterating the sound reasoning of Judge Neff or of Magistrate Judge Whalen. Simply stated, the parole board may consider Petitioner's refusal to accept responsibility for his crimes as one of the reasons for denying him parole without violated his constitutional rights.

Petitioner is merely attempting to re-hash arguments that he previously raised in his first round of post-conviction motions. The Court will therefore deny Petitioner's current motions. See *Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

Based upon the foregoing, the Court **DENIES** Petitioner's motion to state findings and conclusions that support the Court's dismissal (Dkt. 37), and his motion to alter or amend the judgment. (Dkt. 38).

s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

Dated: October 27, 2015

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and first class U.S. mail to William Spencer # 384851, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880 on October 27, 2015.

s/K. Winslow
CASE MANAGER GENERALIST and
DEPUTY CLERK
