UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SPENCER,

        Petitioner,                      Case No. 14-10823
                                                  HON. TERRENCE G. BERG
v.

JOSEPH BARRET,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S
MOTION TO CURE PROCEDURAL DEFECT IN FINAL ORDER (DKT. 40)**

In this case, Petitioner William Spencer, a state prisoner, filed a successive habeas corpus petition under 28 U.S.C. § 2254 on February 21, 2014 (Dkt. 1) that was later amended to include a civil rights action pursuant to 42 U.S.C. § 1983 (Dkt. 22). After his case was dismissed on January 14, 2015 (Dkts. 27-28), Petitioner filed five post-judgment motions (Dkts. 29, 32-33, 37-38). All were meritless. (*See* Dkts. 34, 39.)

Currently before the Court is Petitioner's *sixth* post-judgment motion captioned as a "Motion to Cure Procedural Defect in Final Order." (Dkt. 40.) Filed on November 17, 2015, Petitioner's motion challenges this Court's October 27, 2015 Order denying two of Petitioner's previous post-judgment motions. (Dkt. 39.) Petitioner asserts that the Court's Order of October 27, 2015 failed to comply with Rule 11(a) of the Rules Governing Section 2254 Cases because it did not address whether to grant or deny Petitioner a certificate of appealability. (*Id.* at 1, ¶ 1.)

Rule 11(a) states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" and that if "the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

Contrary to Petitioner's assertions, however, the Court did comply with Rule 11(a) when it denied him a certificate of appealability in its final order entered on January 14, 2015. (Dkt. 27, p. 14.) Indeed, the Sixth Circuit noted this fact in a ruling letter it sent Petitioner on January 20, 2016, informing him that Petitioner had been denied a certificate of appealability by this Court in its January 14, 2015 Order and as a result he either had to pay the filing fee or ask the court of appeals for a certificate.[1] *Spencer v. Barrett*, Case No. 15-2518 (6th Cir. 2015), Dkt. 10. Petitioner has done the latter. *Id.,* Dkt. 12.

Moreover, Petitioner states that he is filing his "Motion to Cure" under Federal Rule of Civil Procedure 59. (Dkt. 40, p. 4.) A Rule 59 motion, however, must be filed no later than 28 days after the entry of judgment. *See* Rule 59(b), (e). This deadline cannot be extended, s*ee* Rule 6(b)(2), and an untimely Rule 59 motion does not toll the time for an appeal, *see Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 269 (1978). Petitioner's Rule 59 motion was filed on November 17, 2015, or about 307 days after this Court entered its final judgment.

---

[1] On December 1, 2015, Petitioner filed a notice of appeal in this matter (Dkt. 42), appealing nearly all of this Court's orders (Dkts. 25, 27, 34, 39.) The Sixth Circuit ruled on January 20, 2016 that only the appeal of this Court's October 27, 2015 was timely and could proceed; Petitioner's appeal of this Court's January 14, 2015 opinion and judgment (Dkts. 25, 27) and July 27, 2015 order (Dkt. 34) were dismissed. (Dkt. 45, p. 4.)

(*See* Dkts. 27-28, 40.) Petitioner's motion is therefore untimely and the Court will not consider it.

Even if the Court were to construe Petitioner's untimely Rule 59(e) motion as a Rule 60(b) motion and reach the merits, Petitioner's latest post-judgment motion merely re-asserts the same arguments regarding denial of parole and insufficient evidence (Dkt. 40, pp. 2-8) that this Court and other courts have considered and rejected on multiple occasions (*See* Dkts. 27, 34).[2] Rather than expend additional judicial resources explaining yet again its reasoning for rejecting Petitioner's arguments or denying him a certificate of appealability, this Court relies on its analysis of Petitioner's claims in its previous orders in this case. For those same reasons, Petitioner's motion would be denied even if it were timely.

Petitioner's Motion to Cure Procedural Defect in Final Order (Dkt. 40) is **DENIED**. Moreover, Petitioner should understand that he may not continue filing post-judgment motions that merely re-assert the same claims again and again. If another such post-judgment motion raising these same issues is filed by Petitioner, it will be summarily dismissed, and the Court will enter an order enjoining, that is prohibiting, Petitioner from filing any more post-judgment motions in this case

---

[2] These claims were raised by Petitioner in *Spencer v. Gidley et al.*, Case No. 15-11822 (E.D. Mich. 2015), a case that was also before the undersigned. Also in *Gidley*, Petitioner raised the claim that he now inserts in this motion that having to register as a sex offender once he is released from prison will result in "constitutional injury" to his "familial rights" and "his right to keep and bear arms" and therefore a preliminary injunction should issue immediately. (Dkt. 40, p. 1, ¶ 2.) This Court acknowledged these arguments and transferred Petitioner's "hybrid habeas corpus/civil rights action" filed in *Gidley* to the court of appeals seeking authorization to consider a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). *Gidley*, Case No. 15-11822 (E.D. Mich 2015), Dkt. 9. On January 27, 2016, the court of appeals denied Petitioner authorization to proceed on his claims, and denied as moot his motion for a preliminary injunction and to expedite his case. *Id.*, Dkt. 10.

without first asking for permission from the Court, and receiving such permission. In order for such permission to be granted, Petitioner would need to show (i) that the issues he seeks to present have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process. *Lewis v. Harry*, No. 87-CV-72050-DT, 2009 WL 2929799, at *1 (E.D. Mich. Sept. 3, 2009).

**SO ORDERED.**

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on April 28, 2016, using the CM/ECF system, which will send notification to each party, and was sent to unrepresented parties via postal mail.

s/A. Chubb<br>
Case Manager

4